UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ENOCH AUGUSTIN,

     Petitioner,

         v.                        CAUSE NO. 3:26-CV-612-CCB-SJF

BRIAN ENGLISH,

     Respondent.

## <u>ORDER</u>

Immigration detainee Enoch Augustin, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Augustin is a citizen of Haiti who came to the United States in 2007 without inspection. He alleges he was granted Temporary Protected Status (TPS) in 2010, authorizing him to work and reside in the United States. He says that over the next decade, he maintained continuous employment, filed taxes, and became an active member of his church and community. He reports that he is married to a United States citizen and is the father of six children who are also United States citizens.

Augustin alleges in July 2025, he was arrested following a domestic dispute with his spouse. He says the charges were later withdrawn and he was never convicted of any offense. However, he continues, upon his release from jail on those charges, he was immediately taken into custody by Immigration and Customs Enforcement (ICE). Augustin alleges that an immigration judge denied his release on bond, relying heavily on the withdrawn criminal allegations. He was ordered removed on February 5, 2026, and filed an appeal to the Board of Immigration Appeals (BIA), which remains pending.

Augustin filed this habeas petition in May 2026, arguing that his continued detention is unlawful because the charges that formed the basis to keep him detained have been dismissed. He asserts that arrests, alone, are insufficient to justify detention. He also argues that his detention has become unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because his removal is not reasonably foreseeable. Although he has been ordered removed, his removal is not imminent, he continues, because of the pending appeal to the BIA. He asserts that he is not a flight risk or a danger to the community, and the immigration judge denied bond based on invalid considerations by relying on the dismissed charges.

*Zadvydas* is not applicable to Augustin's detention yet. *Zadvydas* governs the standards of detention under 8 U.S.C. § 1231(a), which applies once a noncitizen enters the "removal period" and beyond. The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration

2

confinement. 8 U.S.C. § 1231(a)(1)(B). A removal order becomes administratively final upon the earlier of "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Because Augustin's removal order is on appeal to the BIA, he has not entered the removal period, and his detention does not fall under § 1231.

Instead, his detention falls under one of the statutes that allows for detention while removal proceedings are ongoing. *See* 8 U.S.C. §§ 1225, 1226. He says he received a bond hearing, so the court infers that he is being held under § 1226(a), the provision that allows for the possibility of release on bond. To the extent Augustin asks the court to re-weigh the factors considered by the immigration judge in denying bond, the court lacks jurisdiction to review "operational decisions" to deny bond in a particular case, given the discretion afforded to immigration authorities. *See* 8 U.S.C. § 1226(e); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999). Therefore, the court does not have the ability to weigh in on whether the immigration judge made the "right" decision based on the factors before the judge. The remedy in that case is an appeal to the BIA. *See* 8 C.F.R. § 1003.1(b)(7).

Augustin does not raise any constitutional challenge to the statutory or regulatory framework surrounding the bond hearing that would invoke this court's habeas jurisdiction. *See Demore v. Kim,* 538 U.S. 510, 516-17 (2003); *Parra,* 172 F.3d at 957; *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality opinion). Therefore, the

petition does not allege a basis for the court to find that Augustin's detention is unlawful.

Because Augustin is proceeding without counsel, the court must give his petition liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, he will be given the opportunity to file an amended petition before the court dismisses the petition for lack of jurisdiction.

For these reasons, the court **GRANTS** Enoch Augustin until **July 29, 2026**, to file an amended petition addressing the issues raised in this order, and **CAUTIONS** him if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on June 29, 2026.

  /s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4