UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ENOCK AUGUSTIN,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26-CV-612-CCB-SJF |

## ORDER

Enock Augustin, an immigration detainee representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention while his removal proceedings were pending was unlawful. ECF 6. According to publicly available records, the Board of Immigration Appeals (BIA) dismissed his appeal on July 28, 2026, raising the possibility that he is now in the 90-day removal period, during which detention is mandatory.

Immigration detention "pending a decision on whether the alien is to be removed from the United States" is governed by 8 U.S.C. § 1226 (though some noncitizens are instead subject to detention under 8 U.S.C. § 1225 while their removal proceeding are pending). However, authority for a noncitizen's detention switches to 8 U.S.C. § 1231 once he enters the 90-day removal period, designated to begin on the latest of:

> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). An order of removal becomes administratively final on the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Detention during the removal period is mandatory while the government works to effectuate the removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A).

Here, it appears that the BIA's dismissal of Augustin's appeal on July 28, 2026, made his removal order administratively final and triggered the removal period, which will be in effect until at least October 26, 2026.[1] It is possible, however, that Augustin has filed a petition for review and the court of appeals has stayed his removal, delaying the beginning of the removal period. (Because he is currently in immigration detention, the third potential onset date—his release from non-immigration confinement—is not applicable.) Therefore, the court will give Augustin the opportunity to show cause why his petition should not be denied because he has entered the removal period and is subject to mandatory detention.

---

[1] If a noncitizen cannot be removed within that 90-day removal period, the statute authorizes further detention for certain groups of noncitizens: (1) those who are inadmissible under 8 U.S.C. § 1182, (2) those who are removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4), or (3) those who have "been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). All other noncitizens who have not been removed in that 90-day period are to be released subject to supervision. 8 U.S.C. § 1231(a)(3). Continued detention under § 1231(a)(6) is authorized as long as there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

For these reasons, the court **ORDERS** Enock Augustin to **SHOW CAUSE** by **September 23, 2026**, why this petition should not be denied because he is in the 90-day removal period and subject to mandatory detention.

SO ORDERED on August 25, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT